Ho wet, Judge,
delivered the opinion of the court:
Plaintiffs entered into a contract in writing with the United States to furnish plans, specifications, and details for four officers’ quarters at the naval station at New Orleans, La., to be constructed by contract within the sum of $32,875, including cost of Government inspection, payment to be contingent upon the receipt of an acceptable bid within the sum named at a compensation to plaintiffs of 3-J- per cent of the contract price or less. The allegations of the petition show that upon entering into the contract plaintiff submitted sketches of the proposed buildings to the Chief of the Bureau of Yards and Docks of the Navy Department, .and' that as the result of the conference between the parties the sketches so furnished were from time to time changed and amended in certain particulars until they were satisfactory to the Government both as to the style and character of the buildings and the materials to be used therein. Thereupon plans and specifications based on the said sketches were completed and transmitted to the representative of the Government entitled to receiv.e them. These plans and specifications were accepted by authority of the Navy Department. After the acceptance the plans and specifications were amended in certain particulars without the advice or consent of plaintiffs. Sub *480 sequently the department advertised for proposals to be submitted, but no mention was made on the plans and specifications of any limit of price.
It is further alleged in the petition that for some reason unknown to plaintiffs no bids were received for the construction of the officers’ quarters. And it is particularly alleged that the changes in the plans and specifications, as amended without the advice or consent of plaintiffs tended to increase the cost of the construction of the buildings. Upon the expiration of the time limited within which bids for the erection of the officers’ quarters were to be received (no bids meantime having been received) the Chief of the Bureau of Yards and Docks caused an estimate to be prepared by one of the employees of the Government of the cost of erecting the buildings. This estimate was figured up by this employee as to the cost of construction in a sum exceeding the amount of the appropriation available for the erection of the buildings. Thereupon the Chief of the Bureau of Yards and Docks addressed a letter to plaintiffs stating that no bids had been received, and at the same time a memorandum was inclosed to plaintiffs of the estimate mentioned, with the information that the commandant of the naval station in New Orleans had been directed to make suggestions looking to changes in the plans which would permit the construction of the buildings within the amount available, and that as soon as such suggestions were received plaintiffs would be informed. Plaintiffs thereupon replied, stating that they would revise the plans and specifications with a view to reducing the cost of erection of the buildings and report. It is further disclosed on the face of the petition that aside from the correspondence mentioned the failure of the department to obtain bids for the erection of the buildings and the estimate of cost made under the direction of the Chief of the Bureau of Yards and Docks was the subject of conference between the parties. Plaintiffs were requested verbally to revise the plans with the view to bringing the cost of erection within the limit of the available appropriation. While plaintiffs were engaged in revising the plans and specifications they were informed that other plans and specifications were in course of preparation by the Bureau *481 of Yards and Docks and that the Navy Department would not avail itself of plaintiff’s plans and specifications or any revision thereof. Thereupon plaintiffs ceased work upon the revision and presented their bill for services for that part of the amount agreed to be paid them by the United States under the contract to which, as they claimed, they were entitled for the work up to that time as having been performed by them under their said contract. Upon the refusal of the Government to pay, plaintiffs instituted this suit.
Defendants demur to the petition on the ground that as payment under the terms of the contract was to be contingent upon the receipt of an acceptable bid within the sum named in the contract, and that- as no bids were received, the contingency upon which payment was to be made never occurred. Liability is denied solely for this reason.
If defendants made changes in the plans, specifications, and details furnished under the contract for the construction of the buildings to be erected, without the consent or knowledge of plaintiffs, thereby increasing the cost beyond the sum named in the second paragraph of the agreement, plaintiffs ought not to suffer. It is distinctly alleged that the plans and specifications furnished by the contractors were accepted by the Government-, and that the Navy Department, without the advice or consent of plaintiffs, made such changes as tended to increase the cost of construction. This statement is not as full as it should be, as an immaterial change would not affect injuriously the rights of the parties. But there is another allegation to the effect that the plans and specifications accepted were changed by the officials of the Navy Department in certain particulars and that the proposals for bids were made by defendants on these amendments and changes so made, not by plaintiffs but by defendants exclusively. It further appears that when no bids were received defendants prepared an estimate of the cost, and this estimate was so made as to show that the cost of construction exceeded the amount within the available appropriation.
Plaintiffs had nothing to do with this estimate, and they being without knowledge of the amendments and changes so made by the defendants on the plans and specifications fur- *482 nisbed, the court can not say that the buildings could not have been constructed on the plans and specifications supplied by plaintiffs under their contract. Nor can the court say that an .acceptable bid within the available appropriation would not have been made. It does appear that the invitation for bids for the construction of the buildings was not based upon the plans and specifications prepared and submitted to the Government and accepted by its representative. For this reason the court can not, with any certainty, infer or assume that plaintiffs did not comply with their contract.
In the preparation of the plans and specifications for the construction of the buildings within the sum of $32,375, including the cost of Government inspection, plaintiffs did not guarantee a bidder. They did agree to make their compensation dependent upon a bid acceptable to the Government within the sum named in the contract for construction, and within the scope of the plans and specifications to be supplied under the contract. But the Government’s failure to obtain bids on the plans, specifications, and details so furnished by plaintiffs can not be accepted in the present stage of the pleadings as decisive of the issue, because the failure of the Government to obtain a bid neither proves, nor tends to prove, that the buildings could not have been erected within the sum named in the contract, according to the unchanged plans.
There is another aspect of this case to be considered, because the whole contract must be taken together in considering the demurrer.
By another clause of the agreement it was provided that deductions from the contract price of all * * * “services ” not satisfactorily performed by the last day of the time fixed for delivery should be made by the Government on the basis of certain rates specified in yet another clause of the agreement. The contract then further provides that “ the deductions to- be made hereunder should equal 3 per cent of the stipulated value of the * * * services not so performed.” But, at the option of the Bureau of Supplies and Accounts, the contract might be canceled and the parties of the first part barred from competition for future contracts. Then it was provided that the Government might by contract with some other person procure the per- *483 forman.ce of such services if plaintiffs should fail to * * * perform as required.
It is shown by the record that it was the desire of the Government to obtain the construction of the best buildings possible within the appropriation available, and that plaintiffs were attempting to accomplish this result. This desire, it is alleged, appears in bids submitted for construction work both in competition under advertisements by the Government and in competition by advertisement by private parties that bids might exceed the amount available, and in such case it became necessary to amend the plans and specifications. It further appears that while plaintiffs were engaged in revising their plans and specifications they were informed that other plans were being prepared by the Bureau of Yards and Docks and that the Navy Department would not avail itself of any revision of the former plans offered by the plaintiffs. The latter thereupon ceased work upon their revision of the former plans and presented their bill for services for the work up to that time performed by them.
If it be true, as alleged, that proposals were submitted by the Government for the work of construction both in competition “under advertisements by the Government and in competition by advertisement by private parties that bids exceed the amount available,” and that in such case it was necessary to amend the plans and specifications, it would seem to be but just that plaintiffs should have had the opportunity to revise their own plans and specifications so as to accomplish the results desired by the Government. If the officers of the Government put it out of the power of plaintiffs to revise their work so as to meet the contingencies of their contract as well as the contingencies caused by Gov, ernment’s desired changes, there may be ground for the claim of compensation for that portion of the work actually performed to the time plaintiff’s services were dispensed with as upon a quantum meruit. This would be true certainly if the Government derived any benefit from the basic plans furnished by the contractors. We express no opinion at this time on this point beyond this intimation, but believe that the interests of all concerned demand that the proofs be taken so as to put the court in possession of all the facts bearing *484 upon the rights of the parties. The case ought not .to go off on the objections of the United States to the pleading as it appears at present.
The demurrer of the defendants is overruled.